IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DOUGLAS C. STAFFORD,

                                        ORDER

          Plaintiff,

                                      09-cv-621-bbc

     v.

GENEXEL-SEIN, INC.
d.b.a. KOREA TECHNOLOGY
INDUSTRY CO., LTD,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Douglas C. Stafford filed this civil action on October 9, 2009, invoking this court's diversity jurisdiction. Plaintiff brings a state breach of contract claim against defendant GenExel-Sein, a South Korean corporation. However, because plaintiff's complaint fails to provide the proper allegations to support diversity jurisdiction, the case cannot proceed until plaintiff provides the proper information regarding his citizenship.

      This court has an independent obligation to insure that subject matter jurisdiction exists. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006). The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources. <u>Belleville Catering Co.</u>

1

v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003).  The federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction."  Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation omitted).

This court's diversity jurisdiction requires complete diversity of citizenship between each plaintiff and each defendant and an amount in controversy of at least $75,000.  28 U.S.C. § 1332.  However, plaintiff's allegations fail to provide the proper allegations to support diversity jurisdiction.  First, plaintiff alleges that he is a "resident" of the state of Wisconsin.  However, for the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, which is "the place one intends to remain."  Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).  A person has only one domicile, but may have several residences.  Furthermore, it has long been settled that residence and citizenship are wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the circuit courts of the United States and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction.  Steigleder v. McQuesten, 198 U.S. 141, 143 (1905). Therefore, plaintiff has failed to properly allege his citizenship.

I will give plaintiff a chance to rectify this deficiency.  He has until November 3,

2

2009, to provide to this court facts verifying the diversity of citizenship between himself and defendant. If plaintiff fails to submit this information to the court by November 3, 2009, or his submission reveals that diversity jurisdiction does not exist, this case will be dismissed for lack of subject matter jurisdiction. If plaintiff shows that diversity jurisdiction exists, the case may proceed.

ORDER

IT IS ORDERED that plaintiff has until November 3, 2009 to provide to this court facts verifying the diversity of citizenship between himself and defendant.

Entered this 14th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge