IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS C. STAFFORD,

        Plaintiff,

v.

GENEXEL-SEIN, INC.
d.b.a. KOREA TECHNOLOGY
INDUSTRY CO., LTD,

        Defendant.

ORDER

09-cv-621-wmc[1]

---

On October 9, 2009, plaintiff Douglas C. Stafford filed this civil action against defendant GenExel-Sein, Inc. d.b.a. Korea Technology Industry Co., Ltd ("KTIC"), a South Korean corporation, seeking payment of salary and other compensation for work performed here in Wisconsin in 2009 pursuant to a contract signed in December of 2007. The case has not progressed since because plaintiff Stafford is proceeding pro se and has found it difficult to accomplish service.

In an October 23, 2009 order, Stafford was told that if he failed to submit proof of service of his complaint on KTIC or explain his inability to do so by January 22, 2010, he would be directed to show cause why his case should not be dismissed for lack of prosecution. Stafford responded to that order on March 4, 2009, (1) saying that he mailed waiver of service forms to KTIC but did not get a reply; and (2) submitting an amended complaint that contained no new allegations but added defendant Korea Technology Industry America ("KTIA"), a Utah company.

In a January 14, 2010 order, Stafford was directed to explain (1) why he added KTIA as a defendant and (2) how he planned on serving both defendants. Stafford responded that he added KTIA for the sole purpose of serving it as a wholly-owned subsidiary of KTIC pursuant to

---

[1] This case was reassigned to Judge William M. Conley pursuant to a March 31, 2010 administrative order.

Fed. R. Civ. P. Rule 4(h)(1)(B) (service may be achieved by delivering copy of summons and complaint to agent of defendant) and *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) (service of foreign corporation achieved by serving domestic subsidiary).  Stafford also requested leave to withdraw his amended complaint so he could serve KTIA with the original complaint, and for an extension of time to show diligence in obtaining service.  Both requests were granted in a February 5, 2010 order, giving him until March 5, 2010 to submit proof of service of his original complaint on KTIC or explain his inability to do so.

On March 4, 2010, Stafford submitted his response, stating that service was achieved by serving KTIA's registered agent, Oilsand Technology, LLC.  An affidavit of service shows that Stafford had a police officer serve "Jungnee," the registered agent for service upon Oilsand Technology.  While this would be enough to show that Oilsand Technology has been served, that company is not the defendant in this case.  Stafford provides no proof that service upon Oilsand Technology accomplishes service upon defendant KTIC.  His theory appears to be that KTIC can be served by serving an agent (Jungnee) of an agent (Oilsand Technology) of an agent (KTIA) of KTIC.  Assuming for the moment that this theory is correct,[2] plaintiff has failed to show proof that Oilsand Technology is in fact an agent for KTIA or that KTIA is the agent of KTIC.  Even more fundamentally, it appears from the complaint that Stafford's employment contract is with GenExel-Sein, Inc., which "merged with" Korea Technology Industry, Co., Ltd. in May of 2009.  Depending upon the nature of state and federal employment law and perhaps Korean corporate law, this means Stafford may or may not have a valid claim against KTIC.

Finally, this case is unusual in that it is unclear whether the 120-day time limit for service

---

[2] KTIC remains open to challenge this theory by a motion to quash service.

under Fed. R. Civ. P. 4(m) applies. At the outset of the case, it appeared that Stafford was attempting to serve KTIC outside the United States, in which case the 120-day limit does not apply. (Instead, a court may dismiss a neglectful plaintiff's case for failure to prosecute.) Now it appears that Stafford seeks to serve KTIC in the United States, in which case the 120-day limit may only be extended upon a showing of good cause.

Stafford's actions thus far indicate at least some cause to extend the time limit for service, but the court cannot indulge endless delays. Accordingly, plaintiff may have until May 20, 2010, to submit such proof in his possession of his claim, including a copy of: (1) the December 20, 2007 employment contract; (2) payments made under that contract through December 31, 2008; (3) any written commitment to $81,000 for an early termination of the contract; (4) an April 27, 2009 email message from GenExel-Sein promising to wire that amount; (5) documents reflecting the nature of the merger between GenExel-Sein and Korea Technology Industry, Co., Ltd.; (6) legal record showing Oilsand is the agent for service for KTIA; and, (7) legal record showing KTIA is the wholly-owned subsidiary of KTIC.

ORDER

IT IS ORDERED that Plaintiff Douglas C. Stafford will have until May 20, 2010 to submit to this court proof in his possession of his claim against defendant as set forth above.

Entered this 7th day of May, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge